UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JULIAN R. HOOD, JR.,

     Plaintiff,

                                  Case No. 1:25-cv-1237

v.

                                  HON. JANE M. BECKERING

UNITED STATES POSTAL SERVICE, et al.,

     Defendants.

_____/


## MEMORANDUM OPINION AND ORDER


Plaintiff, proceeding pro se, initiated this action on October 14, 2025, alleging a claim of "Extrinsic Fraud" against several Defendants just before entry of this Court's Order setting restrictions on new lawsuits challenging his Postal Service termination and the 2005 settlement agreement. *See Hood v. DeJoy*, 1:24-cv-1295 (W.D. Mich. Nov. 4, 2025) (Mem. Op. & Order, ECF No. 26). On January 30, 2026, Plaintiff filed a motion for leave to amend his complaint, and the matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Plaintiff's motion, accept the proposed amended complaint for filing, and deny the motions associated with judgment or dismissal of the original complaint. The matter is presently before the Court on Defendants Smith and Wheeler Upham, P.C.'s objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections.

In his proposed amended complaint, Plaintiff names only Defendants Smith and Wheeler Upham, P.C., alleging "Fraud on the Court" and "Independent Action to Prevent a Grave Miscarriage of Justice" (ECF No. 37-1).  As the Magistrate Judge acknowledged (R&R, ECF No. 46 at PageID.737), Federal Rule of Civil Procedure 15(a)(2) provides for leave that is "freely given" when justice so requires, and, when deciding whether to grant leave to amend, a district court may consider several factors, including futility of amendment. *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  In recommending that this Court accept the proposed pleading, the Magistrate Judge reasoned that the "circumstances surrounding Plaintiff's [proposed] amended complaint are unique," and he emphasized that there is no indication that Plaintiff's filing restrictions "appl[y] retroactively" (R&R, ECF No. 46 at PageID.737–738).

In their objections, Defendants Smith and Wheeler Upham, P.C. argue that the Magistrate Judge failed to sufficiently address the arguments set forth in their opposition brief about the futility of Plaintiff's proposed claims (Objs., ECF No. 57 at PageID.771, 773–777, referencing ECF No. 43 at PageID.727–730).  While futility is a permissible basis for denying a motion for leave to amend, courts retain discretion to grant the motion and allow the substantive legal issues to be addressed through a fully briefed motion to dismiss under Rule 12(b)(6).  *See*, *e.g.*, *Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809 (E.D. Mich. 2009); *see also Kellogg Co. v. FPC Flexible Packaging Corp.*, No. 1:11-cv-272, 2012 WL 769476, at *4 (W.D. Mich. Mar. 7, 2012) (opining that the "more orderly procedure" is to "allow filing of the amended pleading, without prejudice to any party's ability to file an appropriate motion to dismiss under FED. R. CIV. P. 12(b), which the parties and the court can then address under the procedures appropriate to motions of a dispositive nature").  The Magistrate Judge in this case expressly noted

that Defendants Smith and Wheeler Upham, P.C. were allowed to file a new motion to dismiss the proposed amended complaint (R&R, ECF No. 46 at PageID.738), and the Court discerns no abuse of discretion that requires a different result.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 57) are DENIED, and the Report and Recommendation (ECF No. 46) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 37) is GRANTED, and the proposed amended complaint (ECF No. 37-1) is accepted for docketing.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment against Defendants Smith and Wheeler Upham (ECF No. 21) is DENIED because these Defendants have appeared in this case.

**IT IS FURTHER ORDERED** that Defendants Smith and Wheeler Upham, P.C.'s motion to dismiss (ECF No. 29) is DENIED without prejudice to these Defendants filing a new motion to dismiss the amended complaint.

**IT IS FURTHER ORDERED** that Defendant American Postal Workers Union's motion to dismiss (ECF No. 40) and Plaintiff's motion for an extension of time to serve the complaint (ECF No. 34) are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Defendants United States Postal Service, Unknown parties, the American Postal Workers Union, the Michigan Postal Workers Union, and Local 281 Western Michigan Area are TERMINATED as parties to this case.

Dated:  April 15, 2026

/s/ Jane M. Beckering  
JANE M. BECKERING  
United States District Judge

3