UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN R. HOOD, JR.,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al.,

Defendants.
______________________________/

Case No. 1:25-cv-1237

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Glenn L. Smith and Wheeler Upham, P.C.'s objection (ECF No. 97) to the Magistrate Judge's Report and Recommendation (ECF No. 96). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of the portion of the Report and Recommendation to which objection has been made. For the following reasons, the objection is denied, and the Report and Recommendation of the Magistrate Judge is approved and adopted as the Opinion of the Court, closing this case.

Plaintiff Julian R. Hood, Jr. (Hood), proceeding pro se, initiated this action on October 14, 2025, alleging a claim of "Extrinsic Fraud" against several Defendants just before entry of this Court's Order setting restrictions on new lawsuits challenging his Postal Service termination and the 2005 settlement agreement. *See Hood v. DeJoy*, 1:24-cv-1295 (W.D. Mich. Nov. 4, 2025) (Mem. Op. & Order, ECF No. 26) (prohibiting Hood "from filing new lawsuits challenging his Postal Service termination and the 2005 settlement agreement" without leave of the Court). Hood

sought leave to file an amended complaint, which named only Defendants Smith and Wheeler Upham, P.C., alleging "Fraud on the Court" and "Independent Action to Prevent a Grave Miscarriage of Justice" (ECF No. 37-1). This Court granted Hood leave to file the amended complaint, and Defendants Smith and Wheeler Upham, P.C. subsequently moved to dismiss the Amended Complaint. On September 10, 2026, the Magistrate Judge issued a Report and Recommendation (R&R, ECF No. 97), recommending that this Court deny Hood's motion for leave to file a second amended complaint, deny Hood's motion for limited discovery, grant Hood's motion for leave to file a sur-reply, and grant Defendants Smith and Wheeler Upham, P.C.'s motion to dismiss.

Hood has not filed any objections to the Magistrate Judge's Report and Recommendation. Defendants Smith and Wheeler Upham, P.C. filed their objection, to which Plaintiff also did not file any response. Defendants Smith and Wheeler Upham, P.C. make the limited objection to the Magistrate Judge's Report and Recommendation "to the extent it does not address, and therefore declined, Wheeler Upham's request to expand the restricted filer sanction already in place against Hood" (Obj., ECF No. 97 at PageID.1455–1456). Defendants seek to expand the sanction to include "lawsuits arising out of Wheeler Upham's representation of Hood, any related fraud claims, and the subsequent lawsuits arising out of the 2005 settlement agreement" (*id.* at PageID.1462). Defendants represent that Hood has filed at least twenty-one lawsuits arising from the settlement agreement in this Court, the U.S. Court of Federal Claims, and state courts, and that "at least four" of those twenty-one lawsuits alleged legal malpractice and fraud against Wheeler Upham, P.C. and each was dismissed as time-barred or barred by res judicata (*id.* at PageID.1456).

The objection is properly denied.

A separate motion for sanctions was not before the Magistrate Judge. *See* FED. R. CIV. PRO. 11(c)(2) (instructing that "[a] motion for sanctions must be made separately from any other motion"); *see also* W.D. Mich. LCivR 7.1(a) (requiring "all motions" to be accompanied by a "supporting brief"). Rather, Defendants embedded their request in one sentence in a footnote to their motion to dismiss. *See* ECF No. 72 at PageID.1257, n.8. When necessary, and when properly presented to the Court, the Court will consider expanding Hood's restricted filer sanction. However, the Court discerns no error in the Magistrate Judge's Report and Recommendation requiring correction by the Court. Accordingly, this Court adopts the Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves all pending claims in this case, a Judgment will also be entered. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 97) is DENIED, and the Report and Recommendation (ECF No. 96) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 63) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Sur-Reply (ECF No. 73) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Motion for Leave to File a Second Amended Complaint (ECF No. 75) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Motion for Limited Early Discovery (ECF No. 80) is DENIED for the reasons stated in the Report and Recommendation.

Dated: October 30, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge